UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CREATIVE COPIER SERVICES,<br>        Plaintiff, | :<br>: | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:01cv155 (SRU) |
| | : | |
| XEROX CORPORATION,<br>        Defendant. | :<br>: | |
| | : | |

**DISMISSAL PURSUANT TO RULE 41(b) AND RULING ON DEFENDANT'S MOTION
TO DISMISS THE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

Creative Copier Services ("CCS") sued Xerox Corporation ("Xerox") alleging that Xerox violated federal antitrust laws and state tortious interference law. Following a summary judgment decision in the District of Kansas, this action was transferred to the District of Connecticut. CCS thereafter sought, and was granted, leave to supplement and further amend its complaint. The Second Amended and Supplemental Complaint ("Second Amended Complaint") was filed in November 2001, adding, among other things, claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Xerox has moved to dismiss a number of the claims in the Second Amended Complaint pursuant to Rule 12(b)(6). Subsequently, the court reinstated one of claims on which summary judgment had been granted. For the reasons set forth below, the Second Amended Complaint is dismissed without prejudice and with leave to re-plead in accordance with the terms of this opinion.

**I.      Background**

      A.      <u>Procedural History</u>

CCS was one of twenty-one Independant Service Organizations ("ISOs") that filed a complaint against Xerox in the Northern District of California on April 15, 1994. On October 5,

1994, the Judicial Panel on Multidistrict Litigation ("MDL panel") transferred that action to the District of Kansas for consolidated pretrial proceedings with a similar case brought by two other ISOs. Both actions alleged that Xerox had violated antitrust laws by refusing to sell parts, service manuals, and licensed diagnostic software to ISOs. Xerox counterclaimed, alleging patent and copyright infringement.

In 1995, CCS filed an amended complaint adding several state law claims. In April 1999, Xerox moved for summary judgment on a number of CCS's federal antitrust and state law claims, and moved for summary judgment on Xerox's counterclaims for patent and copyright infringement. CCS cross-moved for summary judgment on Xerox's counterclaim of patent infringement.

On February 16, 2000, Judge Vratil of the District of Kansas granted in part and denied in part Xerox's motion for summary judgment. See In re Independent Service Organizations Antitrust Litigation, 114 F. Supp. 2d 1070 (D. Kan. 2000). Judge Vratil granted Xerox summary judgment on CCS's antitrust claims for parts market monopolization on the ground that, even if Xerox had monopoly power in the parts market, CCS had not shown that such power was gained through anticompetitive means. Id. at 1087. Judge Vratil also granted Xerox's motion for summary judgment on the service market monopolization claim – holding that, to the extent it was based on Xerox's refusal to sell patented parts, such conduct was not a violation of antitrust law (id. at 1090), and, to the extent it was based on Xerox's refusal to sell unpatented parts, CCS had failed to properly disaggregate its damages (id. at 1095). Judge Vratil granted in part and denied in part Xerox's motion for summary judgment on CCS's claim for tortious interference with contract, dismissing CCS's claim of tortious interference based on disparagement, but

allowing it to stand to the extent it was based on Xerox's "parts policies," specifically the allegation that Xerox delayed shipping parts to CCS. Id. at 1081.

Because CCS is based in Connecticut and Xerox is headquartered in Connecticut, the parties stipulated that the case should be transferred to this District for further proceedings. Accordingly, the MDL panel remanded the case to the Northern District of California, which then transferred the case to the District of Connecticut.

Following the transfer, CCS was granted leave to amend and supplement its complaint and to move to reinstate one of the counts on which summary judgment was granted. CCS's Second Amended Complaint was filed on November 6, 2001. Shortly thereafter, Xerox moved to dismiss most of the new counts. On January 21, 2002, CCS moved to reinstate the count of its original complaint that alleged attempted monopolization of the market for service of high-volume copiers. I granted CCS's motion in part, allowing CCS to reinstate its claim for service market monopolization to the extent it is based on Xerox's refusal to sell unpatented parts.

## II.    Discussion

### A.    Ruling

I realize that, after nearly 10 years of litigating this case, further delay is not something either party wants. Nevertheless, a ruling on the merits of Xerox's motion to dismiss at this point is inappropriate. Though neither party is at fault, the procedural history of this case has resulted in a pleading of uncertain pedigree. The Second Amended Complaint – the most recent pleading – incorporates by reference an earlier complaint that, prior to filing of the Second Amended Complaint, was partially dismissed on summary judgment and, subsequent to filing of the Second Amended complaint, was partially reinstated. It would be difficult enough to try to parse

a pleading that incorporated by reference a partially dismissed prior pleading, let alone to do so after the prior pleading has been partially reinstated. Such an effort would be wasted and could only lead to confusion.

Suffice it to say that, at this stage, there is no longer a pleading that satisfies Rule 8's requirement of a "short and plain statement of the claim." Consequently, the current pleadings will be dismissed without prejudice, pursuant to Rule 41(b). In light of this dismissal, Xerox's motion to dismiss will be denied, without prejudice, as moot. CCS is ordered to file a new complaint within 30 days. The forthcoming third amended complaint should set forth a short and plain statement of each claim without incorporating by reference any of the prior complaints. Xerox should answer or move against the third amended complaint within 30 days of its filing.

Moreover, in order to make this process as efficient as possible, I note below my understanding of the status of certain issues in this case.

> B.   Issues Already Decided

In allowing CCS to amend its complaint, I do not invite it to revive issues already decided. I consider Judge Vratil's ruling on summary judgment the law of the case, except to the extent it conflicts with my ruling granting CCS's motion to reinstate. For example, I consider the following points to have been decided and, absent some compelling justification, I will not revisit them in this case:

> (1) Xerox has not acquired or maintained its monopoly power in the parts market by improper means. In re ISO Antitrust Litigation, 114 F. Supp. 2d at 1087.
>
> (2) Xerox's policies with respect to its sales of patented parts did not violate the

antitrust laws, and, consequently, those policies cannot serve as the basis for a claim of antitrust violation in the service market.  Id. at 1090.

(3) Xerox did not commit tortious interference by disparaging CCS.  Id. at 1081.

In light of my ruling on CCS's motion for reinstatement, it is still an open question whether Xerox may be held liable for antitrust violations in the service market based on its policies with respect to *un*patented parts.  Additionally, in light of Judge Vratil's ruling, it is an open question whether Xerox may be held liable for tortious interference based on actions other than disparagement.

### III.  Conclusion

For the aforementioned reasons, Xerox's Motion to Dismiss (doc. # 41) is DENIED, without prejudice.  CCS's Second Amended Complaint (doc. # 37) is DISMISSED without prejudice.  CCS is ordered to file an amended complaint, in accordance with the terms of this order, no later than April 30, 2004.  Xerox shall file an answer or motion to dismiss within 30 days from the date the amended complaint is filed.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of March 2004.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge