**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

_____  :
                                 :
CREATIVE COPIER SERVICES,        :
                                 :        CIVIL ACTION
                Plaintiff        :
                                 :        Civ. No.  3:01cv155 (SDU)
        v.                       :
                                 :
XEROX CORPORATION,               :        June 30, 2004
                                 :
                Defendant        :
_____  :

**PLAINTIFF'S MOTION TO STRIKE XEROX' MOTION FOR SUMMARY
JUDGMENT, AND FOR RULING THAT SUMMARY JUDGMENT MOTIONS
ARE NOT TO BE FILED PIECEMEAL**


Plaintiff moves the Court: (1) to strike Xerox' motion for summary

judgment dated June 25, 2004; and (2) for entry of an Order directing that any

summary judgment motions must be filed at the same time, at the conclusion

of the case.

The grounds for this motion are set forth in the attached  memorandum.

Dated: June 30, 2004                    _____
                                        Robert LaRocca CT 22901
                                        Kohn, Swift & Graf, P.C.
                                        One South Broad Street
                                        Suite 2100
                                        Philadelphia, PA 19107
                                        (215) 238-1700
                                        (215) 238-1968 (fax)


                                        Elias A. Alexiades CT03543
                                        P.O. Box 3859
                                        Amity Station
                                        New Haven, CT 06525

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| _____ : | | |
| CREATIVE COPIER SERVICES, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | Civ. No.  3:01cv155 (SDU) |
| v. | : | |
| | : | |
| XEROX CORPORATION, | : | June 30,2004 |
| | : | |
| Defendant | : | |
| _____ : | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**
**XEROX' MOTION FOR SUMMARY JUDGMENT, AND FOR RULING THAT**
**SUMMARY JUDGMENT MOTIONS ARE NOT TO BE FILED PIECEMEAL**

On June 25, 2004, Xerox filed a motion for summary judgment,

addressed to one portion of one count in the third amended complaint.  The

motion is not "case dispositive", and is not even "count dispositive."  Rather, it

is an opening salvo in what Xerox contemplates as a series of piecemeal

summary judgment motions.   Plaintiff moves to strike Xerox' motion, and

plaintiff seeks entry of an Order that any and all motions for summary

judgment be filed at the same time, at the conclusion of the case, as is

normally done in litigation, to avoid piecemeal, repetitious and harassing

misuse of the summary judgment procedure.

**Procedural History**

The pertinent procedural history is as follows.  By Order entered March 30, 2004, this Court re-instated plaintiff's antitrust claim that Xerox had misused its monopoly power in the service market.  By companion Order, the Court directed plaintiff to file a third amended complaint.

The next day, March 31, 2004, the Court held a telephone status conference concerning the procedure to be followed once plaintiff's new complaint with the reinstated count had been filed.  Xerox explained that it would be moving under Rule 12(b)(6) to dismiss all or certain portions of the new Third Amended Complaint.  The Court directed the parties to work out a scheduling Order for that motion, and for the commencement of discovery.  Xerox made no mention of any summary judgment motion during that call.

The parties conferred and agreed upon a stipulated schedule, and submitted it on April 9, 2004.  (Exhibit A hereto).  The schedule makes no mention of any summary judgment motion at this juncture.

The Court approved the schedule.  The parties have followed its dates.  Plaintiff timely filed the Third Amended Complaint before the April deadline.  Xerox filed a Rule 12(b)6) motion.  Plaintiff responded.  Xerox will reply by July 5, 2004, and which time this motion will be ripe for decision.  The parties are prepared to commence discovery as soon as the Court rules on that motion.

2

On June 25, 2004, while the Rule 12(b)(6) motion was still being briefed, without prior notice, and without seeking permission of the Court, Xerox filed a motion for summary judgment which is the subject of the present motion.

Xerox' motion seeks judgment on one portion of re-instated Count One of the Third Amended Complaint.  The motion addresses only a portion of Count One, i.e. events up to 1994 (paragraphs 6 through 33 of the Third Amended Complaint).  The Third Amended Complaint contains five counts, and hence Xerox' motion seeks partial summary judgment as to one aspect of one count.

The summary judgment motion is highly fact-specific, and involves the same arguments which Xerox filed in the MDL Court in Kansas in April, 1999, prior to the case being transferred here.  Xerox current motion presents three arguments:

(1) Xerox argues that its refusal to sell parts to ISO's became final, for statute of limitations purposes, more than four years before plaintiff's first legal action was commenced in 1992,  and therefore  Count One (as it relates to events recited at ¶¶6-32) is barred by the statute of limitations.  This was subject to lengthy briefing, and presentation of numerous exhibits and affidavits during the MDL proceeding.

To show why it is fact-specific, the MDL Court in its opinion found that key events occurred well **after** 1988, contrary to the premise of Xerox' current motion:

3

- "On January 11, 1989, Xerox formally adopted its 'On Site End User Verification Procedure'" [i.e. its refusal to sell parts to ISO's], *In re Independent Service Organizations Antitrust*, 114 F.Supp.2d 1070, 1084 (D. Kan. 2000);

- "Effective June 1, 1989, Xerox announced a new verification policy to ensure that ISO's complied with the parts policy." *Id.*

These are key anti-competitive actions that occurred well within the limitations period. Xerox' present motion would have to take the position that either these findings were wrong, or immaterial. (It appears that Xerox' current brief does not address them).

(2) Xerox argues that plaintiff failed to take adequate steps to "mitigate" its damages from Xerox' refusal to sell parts. This involves a fact-specific inquiry into what actions CCS took in response to Xerox' anti-competitive parts policy, the evidence of which was presented in the MDL proceeding;

(3) Xerox argues that plaintiff's expert economist has failed adequately to identify the relevant markets and submarkets (Xerox brief pp. 16-17), or alternatively that Xerox did not change its policy of refusing to sell to ISO's during the limitations period (Xerox brief p. 18). The Court should be aware that plaintiff's expert economist submitted a lengthy, detailed report explaining the relevant markets and submarkets.

During the MDL proceeding, in April, 1999, Xerox moved for summary judgment on this Count on the same grounds. Judge Vratil granted summary judgment to Xerox on this count, but on a different argument that Xerox had also proferred—namely that CCS had not adequately "disaggregated" its damages between Xerox' refusal to sell "patented" versus "non-patented" parts. *In re. Independent Service Organization Antitrust Litigation*, 114 F.Supp.2d 1070, 1088-96 (D. Kan. 2000). In footnote 18, Judge Vratil stated that she had not addressed the statute of limitations or mitigation of damages arguments Xerox put forth:

> Given that the Court sustains the Xerox motion for summary judgment on plaintiff's antitrust claims on the above grounds, it need not reach the issues of plaintiff's alleged failure to mitigate its damages or the timeliness of plaintiff's antitrust claims.

*Id.* at 1096, note 18.

## Argument

This is the first of what Xerox intends as a series of summary judgment motions which Xerox, a Fortune 500 company, sees as its tactical opportunity to wear down plaintiff, a sole proprietorship. Therefore, plaintiff is seeking a ruling at this juncture against this piecemeal filing of summary judgment motions. Plaintiff requests the Court to direct that any and all motions for summary judgment be presented at the same time, at the conclusion of the

case,  so that they can be responded to and ruled upon together, and to strike
the present motion.

In January, 2002, shortly after this case was transferred to this Court,
plaintiff moved to re-instate the antitrust claim that now appears as Count One
of the Third Amended Complaint, because of the error Judge Vratil had made
in her ruling on the "disaggregation of damages." This Court agreed, and
reinstated the Count on March 30, 2004. In responding to plaintiff's motion in
February, 2002, Xerox did not argue that re-instatement of this count would be
"futile" because there were alternative bases on which it should be dismissed,
i.e. statute of limitations and "mitigation of damages."  Either this constitutes
a waiver of these arguments by Xerox, or at the very least it demonstrates that
Xerox itself gave very little credence to these arguments.

On March 31, 2004, this Court held a status conference. The procedure
was discussed for getting this case back on track: for plaintiff to file a new
amended complaint, which Xerox stated in the conference it wanted to
challenge under 12(b)(6); and for discovery to begin immediately upon the
Court's ruling on this motion.

For Xerox to introduce at this juncture, with no permission from the
Court, a piecemeal motion for partial summary judgment is not consistent with
what the Court directed by way of scheduling Order, and is not an efficient use
of the Court's time or the parties' time and resources.   It is, frankly, an effort

by Xerox to complicate, burden, and make more costly the proceedings just as they are about to get going.

And while Rule 56(b) provides that a party defendant "may" file a motion for summary judgment at any time, this Court exercises ultimate control of its docketed.

If this Court entertains Xerox' motion at this juncture (assuming *arguendo* the Court finds these arguments not to have been waived because not preserved in February, 2002), the Court will have to consider at this point in the proceedings and rule upon numerous affidavits, deposition testimony, exhibits, a declaration from plaintiff's damages expert about when damages first accrued to CCS, and the like, which relate to when Xerox implemented its anti-competitive parts policy, and what plaintiff did and did not do in response. At the end of day, plaintiff is confident that the Court will conclude these are highly disputed issues of fact, which a jury has to resolve.

But for plaintiff to respond to this motion, and for the Court to rule upon these issues at this juncture will impose a substantial burden.  The Court will likely to forced to immerse itself in the same record evidence (at least) twice, because this is not the only summary judgment motion Xerox intends to make. Xerox intends to move for summary judgment on other counts during or at the conclusion of the litigation.  It is likely that the Court will have to re-immerse itself in those same facts in connection with the merits of those motions. For

7

example, Count Two (tortious interference with contract) and Count Four

(CUTPA) of the Third Amended Complaint involve consideration of the same

parts policy and events during 1989-1994 that are at issue in Count One.  And

it is difficult to see how the Court could adjudicate any summary judgment

motion without a full factual background of what occurred between CCS and

Xerox, starting with the beginning of their relationship.  There is no rational

reason for this Court to have to immerse itself in the same rather detailed and

complicated factual matters twice or more.

To illustrate Xerox' intent to file repetitive, piecemeal motions, plaintiff

requests the Court to consult footnote 6 on page 23 of Xerox' pending Rule

12(b)(6) motion.  In that footnote, Xerox references yet **another** summary

judgment motion it has in the works.   It states there will be a "companion"

summary judgment motion as to "statute of limitations" as to Count Three, the

common law count for tortious interference with contract.[1]

*Moore's Federal Practice* explains why piecemeal summary judgment

motions are highly disfavored:

---

[1] This footnote was the first notice that plaintiff's counsel had to Xerox'
intent to file summary judgment motions at this juncture.  Plaintiff's counsel
immediately protested to Xerox' counsel that this was inconsistent with the
status conference on March 31, 2004, and tried to persuade Xerox not to
pursue these piecemeal motions, but to no avail.  Hence the necessity of this
motion.

**Repeated Attempts At Summary Judgment**:

......

Subsequent changes in summary judgment doctrine have rendered repetitive summary judgment motions even more problematic...A series of summary judgment motions strong enough to require response and judicial scrutiny but **insufficient to terminate a claim or case** has always posed a threat of harassment. Since the Supreme Court trilogy cases of 1986, however, this threat has become more serious, at least in theory, because a non-movant must generally do more to defeat summary judgment than was the case prior to the decisions in the trilogy cases. Consequently, movants have greater potential to force nonmovants to expend substantial resources staving off summary judgment motions that are not realistically likely to be granted. A court may, however, exercise discretion to prohibit repetitive motions even where the subsequent motions differ from their predecessors if the court finds this necessary to prevent harassment, delay, or needless increase in costs.

11 *Moore's Federal Practice*, §56.10[7] p. 56-78 and 56-79 (emphasis added).

For the foregoing reason, plaintiff requests that its motion be granted.

Respectfully,

Dated: June 30, 2004

_____

Robert LaRocca CT 22901
Kohn, Swift & Graf, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1700
(215) 238-1968 (fax)

Elias A. Alexiades CT03543
P.O. Box 3859
Amity Station
New Haven, CT 06525

9

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served, by first class mail, on June 30, 2004 upon:

Jonathan Gleklen
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004-1202


Robert Dolian CT04278
Cummings & Lockwood
Four Stamford Plaza
107 Elm Street
Stamford, CN 06902


Peter W. Marshall
Xerox Corporation
800 Long Ridge Road
Stamford, CN 06904


_____
Robert LaRocca