IN THE UNITED STATES DISTRICT COURT FILED

FOR THE DISTRICT OF CONNECTICUT

2004 DEC 27  A 9: 57

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| CREATIVE COPIER SERVICES, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 01-CV-155 (SDU) |
| ) | |
| v. ) | **Joint Motion For A Protective Order** |
| ) | |
| XEROX CORPORATION, ) | Filed December 22, 2004 |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## JOINT MOTION FOR A PROTECTIVE ORDER

Whereas the discovery sought in these actions includes requests for information of a highly sensitive and confidential nature, including requests for business, commercial, financial, and trade secret information of the parties, as well as such information from persons and entities not parties to this litigation, Plaintiff Creative Copier Services and Defendant Xerox Corporation hereby jointly move this Court, pursuant to Fed. R. Civ. P. 26(c), for a Protective Order limiting the use and disposition of the information and documents produced in the course of discovery. The stipulated form of Order is attached as Exhibit "A."

Respectfully submitted,

_Robert LaRocca_

Robert LaRocca CT22901
KOHN, SWIFT & GRAF P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1700
fax: (215) 1968

Elias A. Alexiades CT03543
215 Church Street, 2nd Floor
New Haven CT 06510
203-777-4720

**Counsel for CCS**

_Jonathan Gleklen_
(by RJL, by permission)

Jonathan I. Gleklen
Christopher F. Winters
Jonathan P. Hooks
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000
fax: (202)-942-5999
email: jonathan_gleklen@aporter.com

Robert Dolian, CT04278
CUMMINGS & LOCKWOOD
Four Stamford Plaza
Stamford, Connecticut  06904
(203) 351-4307
fax: (203) 708-3948
email: rdolian@cl-law.com

**Counsel for Xerox Corporation**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CREATIVE COPIER SERVICES, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 01-CV-155 (SDU) |
| ) | |
| ) | **Memorandum In Support Of Joint Motion** |
| v. ) | **For A Protective Order** |
| ) | |
| XEROX CORPORATION, ) | Filed December 22, 2004 |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR A PROTECTIVE ORDER**

Plaintiff and Counterclaim Defendant Creative Copier Services ("CCS") and

Defendant and Counterclaim Plaintiff Xerox Corporation ("Xerox") respectfully submit this

Memorandum of Points and Authorities in support of their Joint Motion for a Protective Order.

This cases arise out of Xerox's policies and conduct relating to competition with

independent service organizations ("ISOs") such as CCS that services photocopiers in

competition with Xerox. CCS asserts that Xerox's conduct and policies violate the federal

antitrust laws, the Connecticut Unfair Trade Practices Act, the Lanham Act, and common law

prohibitions on tortious interference with contract. Xerox denies that it has violated any law or

that CCS has been injured. Xerox has asserted counterclaims against CCS, alleging that CCS

1

has infringed Xerox's patents and copyrights. CCS denies Xerox's allegations.

Discovery here will require production of documents and information that contains the parties' confidential trade secrets. Disclosure of such information to third parties, and indeed disclosure of some information to opposing parties' businesspeople, could result in substantial harm to the parties' commercial interests.

Fed. R. Civ. P. 26(c)(7) authorizes a court to "make any order . . . that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a designated way." CCS and Xerox have worked together to craft such an agreement, which is attached to this Memorandum in the form of a Draft Order. CCS and Xerox believe that the Draft Order appropriately balances the parties' need to discover relevant information with their need to protect confidential trade secrets.

The Draft Order does not prevent any party from opposing the production of documents or the disclosure of information on any ground permitted by the Federal Rules of Civil Procedure. A party may seek a separate order specifically protecting any category of documents or information that it believes is not adequately protected by the more general Draft Order.

This Protective Order should apply to discovery materials previously produced by Xerox in the multidistrict action in Kansas and in the *R&D Business Systems v. Xerox* litigation in Texas. Although such material was produced pursuant to Protective Orders in the respective actions, a single consolidated Protective Order in this case will reduce the burden imposed upon the parties and the Court.

2

Wherefore, Creative Copier Services and Xerox Corporation respectfully request the

Court to enter a Protective Order in the form attached hereto.

Respectfully submitted,

_Robert LaRocca_ CT22901
KOHN, SWIFT & GRAF P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1700
fax: (215) 1968

Elias A. Alexiades CT03543
P.O. Box 3859
Amity Station
New Haven, CT 06525
(203) 641-3744

_Jonathan Gleklen_
(by RaL, by permission)
Peter K. Bleakley
Jonathan I. Gleklen
Christopher F. Winters
Jonathan P. Hooks
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000
fax: (202)-942-5999
email: jonathan_gleklen@aporter.com

Robert Dolian, CT04278
CUMMINGS & LOCKWOOD
Four Stamford Plaza
Stamford, Connecticut  06904
(203) 351-4307
fax: (203) 708-3948
email: rdolian@cl-law.com

**Counsel for CCS**

**Counsel for Xerox Corporation**

3

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CREATIVE COPIER SERVICES,  ) | |
| ) | |
| Plaintiff,  ) | Civil Action |
| ) | No. 01-CV-155 (SDU) |
| v.  ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| XEROX CORPORATION,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |
| ) | |
| _____ ) | |

## PROTECTIVE ORDER

WHEREAS, the parties are engaged in a discovery program which involves, among other things, the production or disclosure of information deemed confidential, including proprietary commercial information,

IT IS HEREBY ORDERED:

1.    "Confidential Information" as used herein means any type or classification of information which is designated as "Confidential" by the supplying party, whether revealed during a deposition, in a document, in an interrogatory answer, in response to a third-party subpoena or otherwise.  In designating information as "Confidential," the supplying party will make such designation only as to that information that that party in good faith believes to be Confidential Information under Fed. R. Civ. P. 26(c)(7).

2.    The "Actions" as used herein means *R&D Business Systems, et al. v. Xerox*

1

*Corporation*, Civil Action No. 2-92 CV042 (E.D. Tex.), *Acquisition Specialists, et al. v. Xerox Corporation*, Civil Action No. 94-1285 (N.D. Cal.), *In re Independent Service Organizations Antitrust Litig.*, No. MDL-1021 (D. Kan.), and *CCS v. Xerox Corp.*, No. 01-CV-155 (D. Conn.).

      3.    "Document" as used herein refers to any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data. "

      4.    Qualified Persons" herein means:

(a) outside counsel representing a party in the Actions and their staffs;

(b) experts who are assisting counsel in the preparation of the Actions and their staffs;

(c) Peter Marshall, in-house counsel for Xerox Corporation, as well as one other Xerox Corporation in-house counsel to be designated by Xerox Corporation, and their assistants and paralegals; and

(d) any other persons agreed to by the parties, either as to all or any Confidential Information in the Actions. The parties agree that William Dixon, proprietor of CCS, may review Confidential Information that is designated "Confidential – Designated Party." Such designation shall not apply to materials previously produced by Xerox and marked "Highly Confidential," absent further agreement.

      5.    "Termination of the Actions" as used herein means thirty-one (31) days after the entry of the final judgment or stipulation of dismissal in the event of settlement, or in the case of an appeal, the date when all appeals are resolved, in *CCS v. Xerox Corp.*, No. 01-CV-155 (D. Conn.).

2

6.    The parties will use the Discovery Material and Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting the Actions and for no other purpose.  The parties may designate documents as Confidential after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

7.    This Order shall be without prejudice to the right of any party to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  The existence of this Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure. Whether a privilege has been waived by inadvertent production shall be determined by the applicable caselaw of the Second Circuit.  A party notified by another party or third party of claimed inadvertent production of privileged discovery material will not further disclose or otherwise use such material except under seal to the Court for the purposes of adjudicating the applicability of the privilege until an agreement or adjudication concerning the material is made. The burden is on the producing party promptly to seek a ruling from the Court on the applicability of the privilege.  If the producing party makes such a request to the Court, the receiving party may retain one (1) copy of the material for the purposes of briefing the motion, and for purposes of potential appellate review, but such document shall not be used in any other fashion in the litigation.  In the event of a dispute about the applicability of a privilege, the material shall be treated as Confidential under the terms of this Order pending the resolution of the dispute.

3

8.      Confidential Information produced in the Actions shall be disclosed by the receiving party only to Qualified Persons who shall have read this Order; provided, however, that nothing herein shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information beyond the terms of this Order shall be made in writing and transmitted by telefax. If the party claiming confidentiality does not respond within seven (7) days of the receipt of the request, the request will be presumed to be granted.

9.      Before the provision of access to or the disclosure of any Confidential Information to a Qualified Person identified in ¶ 4(b), (c), and (d) above, such person shall agree in writing to be bound by the terms of this Order prior to his or her receipt of Confidential or Highly Confidential Information in the following form:

> "I hereby acknowledge that I [name], [position of employment], am about to receive Confidential Information subject to a Protective Order entered in *CCS v. Xerox Corp.*, No. 01-CV-155 (D. Conn.). I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of that Protective Order, and that I have been given a copy of and have read said order and agree to be bound by the terms thereof. I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that may be made regarding any of such information shall not be disclosed to others except for 'Qualified Persons," to a certified court reporter, or to the Court and its staff.

Before the provision of access or the disclosure of any Confidential Information to any Qualified

4

Person, the party showing such information shall advise the recipient that the information is Confidential and cannot be used except in this lawsuit and shall give the potential witness a copy of this Order. Any attorney of record for each party shall maintain a list of the names of all persons identified in ¶ 4(b), (c), and (d) above to whom such Confidential Information is disclosed. Such lists shall be exchanged by the parties thirty (30) days after Termination of the Actions.

      10.    Material designated as Confidential may be used at a third party deposition only if necessary to the testimony of the witness and if the party using such information provides advance notice of such information to the party designating such information sufficiently in advance of the deposition to give the designating party time to object to such use. However, the designating party shall use this advance notice solely to determine the propriety of an objection and shall not communicate with the deponent or deponent's counsel absent agreement of the party seeking to use the material. Unless otherwise agreed by the parties, notice shall be given at least four (4) business days prior to the deposition and objection shall be made at least forty-eight (48) hours prior to the commencement of the deposition, except no such advance notice is required if the Confidential material is to be used at the deposition of a natural person whose name appears on the original document as the author, addressee or copyee of the Confidential material, or if circumstances indicate the deponent already has knowledge of the information. In the event that material designated as Confidential is used at a deposition, it is hereby Ordered that each such witness is bound by the terms of this Order. Counsel for the party using such material shall provide the witness a copy of this Protective Order and have the witness execute the Confidentiality Agreement set forth in Paragraph 9, which shall be entered as an exhibit in

5

the witness's deposition.

11.     Any Confidential Information supplied in written or documentary form shall be labeled by the supplying party "Confidential." All deposition transcripts shall be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations. Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 10.

12.     All Confidential Information that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers pursuant to D. Conn. Local Rule 7(f)(2). Said envelope or container shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

13.     In the event that the receiving party disagrees with the designation by the producing party of any information as Confidential (or as Highly Confidential pursuant to a prior protective order) then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. In the event the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential.

14.     No party shall be obligated to challenge the propriety of a Confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

15.     The receiving party shall maintain all Confidential Information produced or

6

exchanged in this action or notes or other records regarding the contents thereof, in the custody of outside counsel or those who have been designated as Qualified Persons under ¶ 4(b) and (d) above, and no partial or complete copies thereof shall be retained by anyone else at any other location than such offices, except when being used by experts in connection with the Actions, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

16.    Upon Termination of the Actions, each party shall within thirty (30) days assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Discovery Material and Confidential Information.  Alternatively, at the option of the supplying party, the receiving party shall destroy all such materials within thirty (30) days of the Termination of the Actions and certify to the supplying party that he or it has done so.

17.    Nothing in this Order will prejudice any party from seeking amendments thereto broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modifications.

18.    All terms of this Protective Order apply to all documents and information produced or disclosed by third parties who produce or disclose Discovery Material in the Actions, and such third parties may designate Discovery Material produced by them as Confidential pursuant to this Protective Order.

7

AGREED TO:

_____
Robert LaRocca CT22901
KOHN, SWIFT & GRAF P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1700
fax: (215) 1968

Elias A. Alexiades CT03543
215 Church Street, 2nd Floor
New Haven CT 06510
203-777-4720


***Counsel for CCS***

_____ (by RP2, by permission)
Jonathan I. Gleklen
Christopher F. Winters
Jonathan P. Hooks
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000
fax: (202)-942-5999
email: jonathan_gleklen@aporter.com

Robert Dolian, CT04278
CUMMINGS & LOCKWOOD
Four Stamford Plaza
Stamford, Connecticut  06904
(203) 351-4307
fax: (203) 708-3948
***Counsel for Xerox Corporation***


        APPROVED AND SO ORDERED:


                _____
                Stefan R. Underhill
                UNITED STATES DISTRICT JUDGE


Dated: _____


8