UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB -8 P 2: 47

DISTRICT COURT

| | | |
|---|---|---|
| CREATIVE COPIER SERVICES | : | CIVIL ACTION NO. |
| | : | 3:01 CV 155 (SDU) |
| v. | : | |
| | : | |
| XEROX CORP. | : | |

**PLAINTIFF'S ANSWER TO XEROX' COUNTERCLAIMS SET FORTH IN THE AMENDED ANSWER AND COUNTERCLAIMS TO THE THIRD AMENDED COMPLAINT**

Plaintiff answers Xerox's counterclaims set forth in "Defendant Xerox Corporation's Amended Answer and Counterclaims to the Third Amended Complaint of Creative Copier Service", as follows:

1.    Admitted that Xerox seeks compensation.  All remaining averments are denied.

2.    Admitted that Count I purports to arise under the patent laws.  All remaining averments are denied.

3.    Admitted that Count II purports to arise under the copyright laws.  All remaining averments are denied.

4.    Admitted.

5.    The allegations of the Third Amended Complaint speak for themselves, and no summary characterization is needed.

6.    Admitted.

7.    Admitted.

1

8.    No response is required.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted only that the patents were issued on the dates noted.  The remainder of the averments are denied to the extent they are intended to apply to CCS.

13.    CCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

14.    The phrase "1090 family" is not defined by Xerox.  Admitted that CCS has purchased certain fuser rolls from these companies.

15.    Denied.

16.    The phrase "1090 family" is not defined by Xerox.  Admitted that CCS has purchased certain dicorotrons from D & R Products.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    No response is required.

22.    Denied.

23.    This paragraph is legal argument to which no response is required.

24.    CCS lacks knowledge or information sufficient to form a belief as to the

2

truth of the allegations contained in this paragraph, and therefore denies them.

25. CCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

26. Denied.

27. Denied.

## Affirmative Defenses

1. The counterclaims are barred in whole or in part by the statute of limitations.

2. The counterclaims are barred by the doctrine of antitrust misuse.

3. The patent counterclaim is barred because Xerox failed to give any timely and adequate notice of purported infringement.

4. The copyright counterclaim is barred by the doctrine of single use.

5. The copyright counterclaim is barred by the doctrine of reproduction for a judicial proceeding, to the extent Xerox is asserting that documents provided during discovery constitute "copying."

6. Any claim for injunctive relief is barred by the doctrine of unclean hands, and by lack of irreparable harm or prospective injury.

Dated: February 7, 2005

Robert J. LaRocca   CT 22901
**Kohn, Swift & Graf, P.C.**
1 South Broad St.
Philadelphia, PA 19106
(215) 238-1700
(215) 238-1968 (fax)
Attorney for CCS

Elias A. Alexiades CT03543
P.O. Box 3859
New Haven, CT 06525
(203) 641-3744

## CERTIFICATE OF SERVICE

On February 7, 2005 the foregoing answer to defendant's counterclaims, and affirmative defenses to those counterclaims, were served by first class mail upon:

> Jonathan Gleklen
> Arnold & Porter
> 555 12th Street, N.W.
> Washington, DC 20004-1202
>
> Robert P. Dolian
> Cummings & Lockwood
> Four Stamford Plaza
> Stamford, Connecticut 06904

Robert LaRocca